UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| MARKEY R. SIMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. PJM-03-CV-2186 |
| ) | |
| GIANT FOOD STORES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**<u>MOTION TO DISMISS</u>**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Giant Food Stores, LLC ("Giant") hereby submits its Memorandum in Support of its Motion to Dismiss.

**I.   <u>INTRODUCTION</u>**

In this action, Plaintiff Markey Simpkins, a former Selector at Giant, asserts various claims arising out of Giant's decision to terminate his employment for stealing special order medication from a Giant store. In Count I of the Complaint, Plaintiff claims that his "suspension pending termination" and subsequent discharge amounted to racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Complaint ¶¶ 21-22. In addition, in Count I, Plaintiff purports to assert a claim for harassment and "castigation" based on his race. Complaint ¶ 14. In Count II, Plaintiff asserts a claim for breach of contract, claiming that Giant "did not follow the termination procedures contained in the collective bargaining agreement that covered Plaintiff." Complaint ¶ 30. In Count III, Plaintiff purports to assert a negligence claim, alleging that

Giant was negligent in failing to maintain a complete surveillance tape concerning the theft incident. Complaint ¶¶ 39-40.

As explained in detail below, Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because Plaintiff clearly has failed to state any valid claim against Giant. As a preliminary matter, Plaintiff's discrimination claim in Count I should be dismissed because he failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Similarly, Plaintiff's harassment claim in Count I should be dismissed because Plaintiff failed to file a charge of discrimination alleging harassment with the EEOC and, thus, failed to exhaust his administrative remedies with respect to this claim. In addition, Plaintiff's harassment claim should be dismissed because Plaintiff did not plead *any* facts in his Complaint in support of this claim.

In addition, Counts II and III of Plaintiff's Complaint should be dismissed because they are preempted by the federal Labor Management Relations Act ("LMRA"). As explained below, both of these claims are founded upon and require interpretation of, the collective bargaining agreement between Giant and Plaintiff's Union. Furthermore, even if Plaintiff had asserted these claims under the LMRA, they are time-barred. Moreover, even if Count III was not preempted by the LMRA, Plaintiff fails to state a claim for negligence because he cannot establish that Giant owed him a duty of care to have, much less, maintain its surveillance tapes.

Consequently, each of the claims asserted in Plaintiff's Complaint should be dismissed.

::ODMA\PCDOCS\DC2DOCS1\477440\1

## II. ARGUMENT

### A. Plaintiff's Discrimination Claim In Count I Is Time-Barred

To maintain an action under Title VII, a complainant must file an administrative charge of employment discrimination with the EEOC within 180 days of the alleged discriminatory conduct. See 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 626(d)(1). In a deferral state, such as Maryland, this period is extended to 300 days. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 & n.3 (4th Cir. 1998). This filing requirement, which is rigorously enforced, acts as a limitations period such that the failure to file a charge with the EEOC within the prescribed period bars all subsequent claims in federal court. Delaware State College v. Ricks, 449 U.S. 250, 256 (1980); see also Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

In this case, Plaintiff alleges that he filed his charge of discrimination with the EEOC on or about *March 21, 2003*. See Complaint ¶ 5. Based on this filing date, the 300-day limitations period for his charge covered the period from *May 25, 2002* to March 21, 2003. In his Complaint, however, Plaintiff alleges that he was "*suspended pending termination*" on or about *May 14, 2002*, which is beyond the 300-day limitations period.[1] Consequently, the Court plainly must dismiss Plaintiff's discrimination claim. See United Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977); English v. Pabst Brewing Co., 828 F.2d 1047, 1048 (4th Cir. 1987), cert. denied, 486 U.S. 1044 (1988); see also Hamilton v. 1st Source Bank, 928 F.2d 86, 90 (4th Cir. 1990) (holding that ADEA claim

---

[1] Although Plaintiff further alleges in his Complaint that his employment was not terminated until August 12, 2002, it is clear from the Complaint that he believed that he was being subjected to discrimination no later than May 14, 2002, at which time Giant allegedly accused him of theft and suspended him "pending termination." See Complaint ¶¶ 13, 19.

-3-

was time-barred where plaintiff failed to file timely charge with EEOC); Lipscomb v. Clearmont Constr. & Dev. Co., 930 F. Supp. 1105, 1107 (D. Md. 1995) (dismissing Title VII and ADA claims where employee did not timely file a charge with the EEOC).

### B.     Plaintiff's Harassment Claim in Count I Should Be Dismissed

#### 1.     Plaintiff Failed To Raise Allegations of Harassment In His EEOC Charge

It is well-settled in this Circuit that only discrimination allegations stated in a timely EEOC charge or developed in the course of a reasonable investigation of such a charge may be maintained in a subsequent Title VII lawsuit. Evans v. Technologies Applications Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996); see also Pritchett v. General Motors, 650 F. Supp. 758, 762 (D. Md. 1986) (failure to file charge of promotion discrimination with EEOC precluded plaintiff from litigating claim in federal court); Hubbard v. Rubbermaid, Inc., 436 F. Supp. 1184, 1193 (D. Md. 1977) (limiting scope of litigation to those employment practices raised in EEOC charge).  As the Court explained in Pritchett, a plaintiff "may not litigate allegations of discrimination which are neither stated in the original charge. . . nor file an across-the-board attack premised on a reasonable, but limited, investigation of a well-defined charge."  650 F. Supp. at 761-62. The requirement that a plaintiff exhaust the EEOC's administrative charge procedures is jurisdictional. Smallzman v. Sea Breeze, Inc., 1993 WL 15904 **3 (D. Md. Jan. 7, 1993).

The purpose of the administrative exhaustion requirement is twofold.  First, it provides the EEOC with information and "an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation." Kloos v. Carter-Day Co., 799 F.2d 397, 400 (8th Cir. 1986); see also Riley v. Technical & Mgmt. Servs. Corp., 872

F. Supp. 1454, 1459 (D. Md. 1995) ("[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge circumvents the EEOC's investigatory and conciliatory role"), aff'd, 79 F.3d 1141 (4th Cir. 1996); Pritchett, 650 F. Supp. at 762 (to allow a litigant to expand a lawsuit beyond the scope of the EEOC charge would diminish the importance of the EEOC's conciliation procedures). Second, and equally important, the charge affords "formal notice to the employer and the prospective defendant of the charges that have been made against it." Kloos, 799 F.2d at 400; see also Smallzman, 1993 WL 15904 at **3 (allowing allegations outside the scope of the charge "would frustrate the goals of the EEOC's administrative apparatus -- notice to an employer of an employee's charges and an opportunity to resolve workplace disputes outside the courtroom"); Hubbard, 436 F. Supp. at 1190 (if the suit were not limited to claims asserted in a timely charge, it would permit the "[u]nrestrained expansion of the scope of Title VII," resulting ultimately in the destruction of the statute's remedial aspects).[2]

In this case, Plaintiff plainly failed to comply with Title VII's administrative exhaustion requirement with respect to his harassment claim. In his EEOC Charge of Discrimination, Plaintiff merely alleged that Giant discriminated against him based on his

---

[2] See also Weiss v. Coca-Cola Bottling Co., 990 F.2d 333, 337 (7th Cir. 1993) (former employee whose EEOC charge alleged inadequate training, discharge and sexual harassment claims may not litigate claim regarding job transfer which was not contained in EEOC charge); Williams v. Rice, 983 F.2d 177, 180 (10th Cir. 1993) (employee who raised only issue of retaliation at administrative stage was barred from litigating issue of race discrimination in federal court); Doyle v. Sentry Ins., Inc., 877 F. Supp. 1002, 1006-07 (E.D. Va. 1995) (employee cannot litigate discharge claim where EEOC charge alleged only failure to promote); Nicol v. Imagematrix, Inc., 767 F. Supp. 744, 752-53 (E.D. Va. 1991) (employee cannot litigate sex harassment claim where EEOC charge was limited to pregnancy-based discharge claim); Wilson v. Allied Chem. Corp., 456 F.

race when it terminated his employment for theft. See Ex. A.  Nowhere in his charge did Plaintiff state, or even suggest, that he was subjected to racial harassment at Giant.  See id.  Thus, this Court plainly lacks jurisdiction over Plaintiff's claims of racial harassment and "castigation."  See Pham v. City of Seattle, No. 99-35728, 2001 WL 262733, at *1 (9th Cir. Mar. 16, 2001) (dismissing racial harassment claim where plaintiff's EEOC charge only alleged discrimination based on race, national origin and age); Bawa v. Brookhaven National Laboratory Assoc. Univ., Inc., 968 F. Supp. 865, 869 (E.D.N.Y. 1997) (dismissing harassment claim because the plaintiff only filed a charge of discrimination alleging discrimination based on failure to promote).

### 2. Plaintiff Alleges No Facts In Support Of His Conclusory Allegation of Harassment

Rule 8 of the Federal Rules of Civil Procedures imposes certain mandatory pleading requirements on litigants.  Pursuant to this Rule, a complaint must contain a recitation of the grounds upon which the court's jurisdiction depends, "a short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for judgment for the relief the pleader seeks." Fed. R. Civ. Pro. 8(a).   In order to demonstrate that the pleader is entitled to relief, courts have recognized that the complaint must contain "more detail . . . than [a] bald statement by plaintiff that he has a valid claim of some type against defendant."  Shaw v. Brown & Williamson Tobacco Corp., 973 F. Supp. 539, 548 (D. Md. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 318 (2d ed. 1990)).  Rather, the

---

Supp. 249, 253-54 (E.D. Va. 1978) (employee cannot litigate harassment claim where EEOC charge was limited to promotion claim).

complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957).

Plaintiff in this case plainly fails to satisfy the requirements of Rule 8 with respect to his harassment claim. As noted above, his Complaint is devoid of a single factual allegation in support of this claim. Because Plaintiff fails to allege even a single fact in his Complaint in support of his harassment and "castigation" claim, the Court should dismiss this claim. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (holding that district court had no obligation to consider *pro se* plaintiff's civil rights claims that were essentially based on "sentence fragments"); see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (affirming dismissal of *pro se* plaintiff's section 1983 claim where the allegations in the complaint were "conclusional and unsupported by any facts as to how race entered into any decisions").[3]

    **C.**    **The Court Should Dismiss Counts II And III Of Plaintiff's Complaint**

        **1.**    **Plaintiff's Negligence And Breach Of Contract Claims Are Preempted By Section 301**

Counts II and III in Plaintiff's Complaint should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because they are preempted by section 301 of the Labor Management Relations Act ("LMRA"). It is well-settled that "[s]uits alleging a breach of a collective bargaining agreement are governed, not by state law, but by a special body of federal common law developed under" section 301 of the LMRA. Davis v. Bell Atlantic-

---

[3] This is not a case where, as in Swierkiewicz v. Sorema, 122 S. Ct. 992 (2002), the plaintiff failed to allege with specificity all of the requisite elements of a prima facie case of discrimination. Rather, Plaintiff in this case fails to allege any facts whatsoever and

West Virginia, Inc., 110 F.3d 245, 247 (4th Cir. 1997); McCormick v. AT&T Technologies, Inc., 934 F.2d 531, 534 (4th Cir. 1991). Accordingly, a state law claim, the resolution of which largely depends upon the interpretation of the terms of a collective-bargaining agreement, must be dismissed as preempted under federal labor law. Foy v. Giant Food Inc., 298 F.3d 284, 287 (4th Cir. 2002); Davis, 110 F.3d at 247. Dismissal of such claims advances section 301's goal of "ensur[ing] uniform interpretation of collective bargaining agreements, and thus . . . promot[ing] the peaceable, consistent resolution of labor-management disputes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988).

The rule of preemption applies "even if the source of the cause of action is state law." Mayne v. B. Green & Co., 1992 WL 356122, 8 IER Cas. (BNA) 254, 255 (D. Md. 1992). In determining whether a state law claim is preempted by section 301, the critical inquiry is whether the claim is "inextricably intertwined" with the terms of the collective bargaining agreement. Foy, 298 F.3d at 287. If the state law claim "alleges conduct that arguably constitutes a breach of a duty that arises pursuant to a collective bargaining agreement" *or* "that hinges upon an interpretation of the collective bargaining agreement," the claim is preempted. Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 26 (1st Cir. 1997), cert. denied, 532 U.S. 1123 (1998) (citing United Steelworkers v. Rawson, 495 U.S. 362 (1990) and Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 218 (1984)). Put succinctly, when the "heart of the [state law] complaint [is] a . . . clause in the collective bargaining agreement, that complaint arises under federal law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987).

---

thus has not provided Giant with "fair notice" of his claims and the grounds upon which

Under these standards, a state tort claim is preempted by section 301 if the determination of the wrongfulness of the employer's actions or the standard of care requires interpretation or consideration of the collective bargaining agreement.  For example, in McCormick, the plaintiff asserted state law claims against his former employer for intentional and negligent infliction of emotional distress, conversion and negligence for disposing of the contents of his work locker after his termination.  The Court held that, with respect to each of the plaintiff's state tort claims, "[t]o prove conduct was wrongful, a plaintiff must . . . demonstrate not that the conduct was wrongful in some abstract sense, but wrongful under the circumstances."  McCormick, 934 F.2d at 533.[4]  Because the "circumstances that must be considered in examining [an employer's] ***conduct are not merely factual, but contractual***, and the collective bargaining agreement is a crucial component of these circumstances," the claims were preempted under section 301.  Id. at 535-36 (emphasis added).

---

they rest.

[4] See also Willis v. Reynolds Metal Co., 840 F.2d 254, 255 (4th Cir. 1988) (invasion of privacy, slander, and intentional infliction of emotional distress claims arising from employer's investigation of employee for alleged harassment preempted because the alleged wrong "directly dealt" with employer's right to conduct such an investigation under the collective bargaining agreement); Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 255-56 (4th Cir. 1987) (invasion of privacy claim arising from search for drugs was preempted because claim required determination of whether employer could require such a search under the applicable contract); Soth v. Baltimore Sun Co., 4 F. Supp. 2d 417, 419 (D. Md. 1996) (tortious interference with contract claim preempted); Barbe v. Great Atlantic & Pacific Tea Co., 722 F. Supp. 1257 (D. Md. 1989) (defamation and intentional infliction of emotional distress claims preempted), aff'd, 1991 WL 136779, (4th Cir. 1991); Childers v. Chesapeake & Potomac Telephone Co., 670 F. Supp. 624 (D. Md. 1987) (wrongful discharge, retaliatory discharge and intentional infliction of emotional distress claims were "inextricably intertwined" with the collective bargaining agreement because the agreement contained comprehensive grievance provisions that addressed the termination of an employee for cause).

Plaintiff's claims are similarly preempted under these well-established standards. As a member of Local 730 of the International Brotherhood of Teamsters ("Local 730"), the terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement ("CBA") between Local 730 and Giant. See Ex. A. The CBA contains several provisions that are directly applicable to Plaintiff's claims against Giant. Article 8, for instance, recognizes that "[a]ll matters having to do with the management and conduct of the business of [Giant] and all policies, authority and responsibility for the conduct of the same, shall repose exclusively in the management of Giant." Ex. A, Art. 8. Articles 13.1 authorizes Giant to discharge or discipline an employee for good cause, such as dishonesty. Ex. A, Art. 13.1. In addition, Article 27 of the CBA contains comprehensive provisions for the resolution of disputes concerning employees' employment and for the interpretation of the CBA through grievance and arbitration. Ex. A, Art. 27.

Counts II and III of Plaintiff's Complaint either allege a breach of these provisions or hinge upon the interpretation of them. In Count II of the Complaint, Plaintiff asserts that Giant breached the collective bargaining agreement because it "did not follow the termination procedures contained in the collective bargaining agreement." See Complaint ¶ 30. Even assuming *arguendo* that this claim has any validity, it is preempted by section 301 because, to determine whether Giant followed the termination procedures, it will be necessary for the Court to interpret and apply the discipline, management rights and termination provisions of the CBA. See Shiflett v. I.T.O. Corp., 202 F.3d 260 (Table), 2000 WL 14214, **5 (4th Cir. Jan. 10, 2000) (wrongful termination claim was preempted because, to determine whether the employer acted

-10-

properly in response to employee theft, the court would be called upon to determine its authority and responsibilities under the CBA); <u>Hanks v. General Motors Corp.</u>, 859 F.2d 67, 69 (8th Cir. 1988) (wrongful discharge claim based on employee's discharge for failing to return to work after leave of absence was preempted because, to resolve the plaintiff's claims, the court would be required to interpret the CBA provisions pertaining to discharge); <u>Thomson v. Verizon Maryland, Inc.</u>, 140 F. Supp. 2d 546, 552 (D. Md. 2001) (plaintiff's wrongful discharge claim was preempted because it would require interpretation of CBA); <u>Childers</u>, 670 F. Supp. at 628-29 (D. Md. 1987) (wrongful discharge claim was preempted because CBA contained comprehensive grievance procedures).

Similarly, in Count III of the Complaint, Plaintiff purports to assert a claim of negligence. In this Count, Plaintiff asserts that Giant had a "duty of care" to conform to certain standards for the protection of their employees." <u>See</u> Complaint ¶ 37. Plaintiff further asserts that this "duty included maintaining a complete tape of the incident" that resulted in his termination and that Giant's "failure to maintain a complete and accurate tape of the incident in question breached their duty of care to Plaintiff." <u>See</u> Complaint ¶ 37-38. To the extent such a duty exist (and it does not), it would have to arise exclusively from the collective bargaining agreement between Plaintiff's Union and Giant. Thus, like Plaintiff's breach of contract claim, Plaintiff's negligence claim is preempted because the determination of the applicable standard of care will require the Court to consider and interpret the discipline, management rights and termination provisions of the CBA. <u>See</u> <u>Thomas v. LTV Corp.</u>, 39 F.3d 611, 619 (5th Cir. 1994) (negligent infliction of emotional distress claim was preempted because an analysis of the collective bargaining agreement

would be required to determine if the defendant engaged in any wrongful conduct in terminating the employee for excessive absenteeism); McCormick, 934 F.2d at 535 (negligent infliction of emotional distress claim arising out of the plaintiff's termination and the employer's subsequent removal of the plaintiff's personal items from his locker was preempted because, in order to determine the "degree of care required" under the circumstances, it would be necessary to interpret the collective bargaining agreement). As a result, Count III is also preempted by the section 301.

For these reasons, Counts II and III of Plaintiff's Complaint should be dismissed with prejudice.

### 2. Even If Plaintiff Had Properly Asserted Claims Under Section 301, The Claims Must Be Dismissed As Untimely

When section 301 preempts claims, the Court has the option of dismissing the claims or converting them into section 301 claims. Opting to convert these claims, however, would not prevent their dismissal in this case because section 301 actions must be commenced within six months after the cause of action arises. Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151, 169 (1983); Foy, 298 F.3d at 291; Kolomick v. United Steelworkers, 762 F.2d 354 (4th Cir. 1985). In this case, the acts about which Plaintiff complains occurred in May and August 2002. This suit was not filed, however, until July 29, 2003, which is well beyond the six month statutory period. Consequently, even if the Court opted to treat Plaintiff's claims as claims under section 301, they must be dismissed as time-barred. See Foy, 298 F.3d at 291 (plaintiff's preempted claims properly dismissed with prejudice because they were barred under the six month statute of limitations); McCormick, 934 F.2d at 537 (dismissal warranted where any claims that plaintiff may have had under section 301 were barred by the

-12-

statute's six-month limitation period); Kirby, 811 F.2d at 255 (dismissal of preempted claims was proper where underlying incidents occurred more than 18 months prior to filing of action).

### D. Plaintiff Fails To State A Claim For Negligence Because Giant Did Not Owe Plaintiff A Duty To Maintain Its Surveillance Tapes

Count III should be dismissed for the additional reason that it is based on a non-existent duty. Under Maryland law, to assert a claim for negligence, a plaintiff must prove the existence of four elements: (1) a duty owed to the plaintiff; (2) a breach of that duty; (3) a casual connection between the breach and the injury; and (4) damages. Major v. CSX Transportation, Inc., 170 F. Supp. 2d 563, 566 (D. Md. 2001); Funk v. Taubman Co., 102 F. Supp. 2d 308, 311-12 (D. Md. 2000). Moreover, "[a]bsent a duty of care, there can be no liability in negligence." Major, 170 F. Supp. 2d at 567 (citations omitted). Because Plaintiff cannot establish that Giant owed him a duty of care, Plaintiff's negligence claim should be dismissed.

In his Complaint, Plaintiff alleges that Giant owed him a duty of care to maintain a complete copy of a surveillance tape from the store in which the theft occurred, that Plaintiff contends would have exonerated him. See Complaint ¶ 39. Plaintiff simply cannot establish that, under Maryland law, employers are required to have surveillance tapes in their stores for their employees' use if they are accused of misconduct, much less that Giant owes its employees a duty of care to maintain the surveillance tapes in a certain condition. As a result, Plaintiff's negligence claim should be dismissed. See Funk, 102 F. Supp. 2d at 313 (dismissing negligence claim as a result of the plaintiff's failure to establish that the defendant owed a duty to plaintiff); Bobo v. State of Maryland, 346 Md. 706, 714-16, 697 A.2d 1371, 1375-76 (Md. 1997) (dismissing

negligence claim where the plaintiff failed to establish the existence of a duty owed to plaintiff); Parker v. Columbia Bank, 91 Md. App. 346, 604 A.2d 521 (Md. App. 1992) (dismissing negligence claims because the plaintiff failed to establish that the defendant owed the plaintiff a duty of care).

### III.     CONCLUSION

For the foregoing reasons, Giant respectfully requests that this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

      /s/
Connie N. Bertram, Bar No. 14774
Patricia A. Exposito, Bar No. 13710
Venable, LLP
1201 New York Ave., N.W., Suite 1000
Washington, D.C. 20005
(202) 962-4800

Counsel for Defendant

September 15, 2003

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 15th day of September, 2003, I caused a copy of the foregoing Motion to Dismiss, Memorandum in Support thereof, and proposed Order to be served via first-class mail, postage prepaid, on:

> John T. Szymkowicz, Esq.
> 1220 19th Street, N.W.
> Suite 400
> Washington, D.C. 20036

                              _____/s/_____
                              Patricia A. Exposito

::ODMA\PCDOCS\DC2DOCS1\477440\1